# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**In re:**

**TINA LOUISE PLEACHER,**

    **Debtor.**

_____/

CASE NO.: 18-01970-PMG

## TRUSTEE'S OBJECTIONS TO DEBTOR'S CLAIM OF EXEMPTIONS

Now comes Gordon P. Jones, Chapter 7 Trustee (the "Trustee"), by and through the undersigned counsel, and hereby objects to the claim of exemptions filed by the Debtor, Tina Louise Pleacher ("Debtor"), and would show:

1. The Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on June 12, 2018 (the "Petition Date").

2. On the Petition Date, the Debtor filed a Schedule C claiming the real property located at 1390 West Anza Court, Dunnellon, Florida 34434 (the "Property"), which is more particularly described below, as exempt pursuant to Fla. Const. Art. X, § 4(a)(1) and Fla. Stat. §§ 222.01 and 222.02:

> **LOT 16 AND 17, BLOCK 59, CITRUS SPRINGS UNIT 1, ACCORDING TO THE MAP OR PLAT THEREOF, AS RECORDED IN PLAT BOOK 5, PAGES 89 THROUGH 106, INCLUSIVE, OF THE PUBLIC RECORDS OF CITRUS COUNTY, FLORIDA.**

3. The Trustee objects to Debtor's claim of exemption in and to the Property on the grounds and to the extent that: (i) the Trustee has not yet received and reviewed all of the documents and property to determine whether same is exempt under Florida law, (ii) pursuant to Florida Statute § 222.29, the claimed exemptions resulted from a fraudulent transfer or conveyance as provided in Florida Statute § 726, et seq, (iii) pursuant to Florida Statute § 222.30, same became

exempt as a result of a conversion by the Debtor of assets with the intent to hinder, delay or defraud a creditor, and (iv) pursuant to 11 U.S.C. § 522(o), such exemption is limited and should be reduced to the extent that such value is attributable to any portion of any property that the Debtor disposed of in the 10-year period ending on the date of the filing of the petition with the intent to hinder, delay, or defraud a creditor and that the debtor could not exempt.

4. The Debtor also claimed certain personal property as exempt under Fla. Const. Art. X, § 4(a)(2) and Florida Statute § 222.25(1), the enhanced personal property exemptions.

5. The Trustee believes that values of the claimed exemptions reflected on the schedules are too low and exceed the value to which the Debtor is entitled.

6. The Debtor also filed a Schedule C claiming as exempt pursuant to Florida Statute § 222.21(2), Fidelity Rollover IRA Account ending in *7869 as listed on line 21.1 on Debtor's Schedule A/B and Regions Financial Corporation 401(k) Plan ending in *3111 as listed on line 21.2 on Debtor's Schedule A/B (the "Retirement Accounts").

7. The Trustee objects to the Debtor's claim of exemptions in and to the Retirement Accounts on the grounds and to the extent that (i) the Trustee has not yet received and reviewed all of the documents to determine whether the property is exempt under Florida law, (ii) pursuant to Florida Statute § 222.29, the claimed exemptions resulted from a fraudulent transfer or conveyance as provided in Florida Statute § 726, et seq., (iii) pursuant to Florida Statute § 222.30, the property became exempt as a result of a conversion by the Debtor of assets with the intent to hinder, delay or defraud a creditor.

WHEREFORE, the Trustee requests that the Court enter an Order disallowing the Debtor's exemptions set forth above.

Dated: August 17, 2018

Respectfully submitted,

**JOHNSON LAW FIRM, P.A.**

/s/ Eugene H. Johnson
Eugene H. Johnson, Esq.
Florida Bar No. 0032105
Lauren W. Box, Esq.
Florida Bar No. 0106242
100 North Laura Street, Suite 701
Jacksonville, Florida 32202
(904) 652-2400 Telephone
(904) 652-2401 Facsimile
ehj@johnsonlawpa.com
lauren@johnsonlawpa.com

*Attorneys for Gordon P. Jones,
Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

       The undersigned does hereby certify that on this 17th day of August, 2018 a true and accurate copy of the foregoing has been furnished by U.S. Mail to Tina Louise Pleacher, 1390 West Anza Court, Dunnellon, Florida 34431; and by CM/ECF electronic notice to Richard A. Perry, Esq.

                                            /s/ Eugene H. Johnson
                                            Eugene H. Johnson, Esq.